**Einer SATTER and Roger Satter, Respondents,**

v.

**NATIONAL FARMERS ORGANIZATION, Appellant.**

**No. C5–84–861.**

Court of Appeals of Minnesota.

Dec. 11, 1984.

---

H. Morrison Kershner, Rufer, Hefte, Pemberton, Schulze, Sorlie, Sefkow & Kershner, Fergus Falls, for respondents.

William J. Utermohlen, Stohlman, Beuchert, Egan & Smith, Washington, D.C., William P. Scott, Scott & Lucking, Pipestone, for appellant.

Heard, considered, and decided by LANSING, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

National Farmers Organization, Inc. appeals from a judgment allowing respondents Einer and Roger Satter to rescind their contract with NFO, and awarding the Satters damages of $14,197.48. NFO claims that the Satters are not entitled to avoid the contract and that NFO is entitled to its damages. We reverse and remand.

## FACTS

The Satters are brothers who farm together. Einer Satter has been a member of the NFO since 1963, and, since joining, has marketed all his crops through that organization. Einer handled all aspects of the contract presently in dispute.

On May 20, 1980, Satter contacted an NFO representative and instructed NFO to sell his 1980 crop for fall delivery. The same day, NFO sold Satter's 10,000 bushels to ADM Company at $5.35 per bushel for October delivery. NFO sent a Notification of Allocation of Price and Delivery to Satter to confirm the sale. The document stated a contract price of $5.25, with a ten cents differential for a "county and marketing area deduction." The contract also provided "Damage: durum & amber discounts set at day of unload," and "Other: ADM scales of discount to apply." The document requested Satter to contact NFO if he needed assistance. A similar notice was sent to Satter again in September. Satter never contacted NFO to object to or question terms of the contract.

On November 6, 1980, Satter made his first and only delivery to ADM of 737.18 bushels. By then, the market price had risen to $8.15 per bushel, and the market discount rates had also risen. A total of $2.26 per bushel of discounts was deducted from Satter's contract price for the wheat he delivered, leaving him with a net price per bushel of $2.99. At that price, Satter refused to deliver the remainder of the 10,000 bushels.

Negotiations went on for some time between Satter and NFO. On December 16, 1983, NFO settled with ADM through a buyback of 9,232.82 bushels at $6.55 per bushel. Satter stored his remaining grain,

and sold it over the next few years at an average price of $4.06 per bushel.

Satter brought suit against NFO, claiming damages of $29,348.67, representing the difference between the market value of the grain on November 6 ($8.15) and the price he would have been paid under the contract ($2.99). NFO counterclaimed for its cover damages of $12,002.66 ($6.55 – 5.25 = $1.30; $1.30 × 9,232.82 = $12,-002.66). The trial court found that the lack of mutuality concerning one element of the contract—whether the discount rates were fixed by the contract or were allowed to float with the market—justified Satter's avoidance of the contract. The trial court awarded Satter damages of $14,197.48 (contract price less the price at which he actually sold the entire 10,000 bushels).

## ISSUE

Was the trial court correct in finding that Satter's avoidance was justified, and awarding him damages of $14,197.48?

## ANALYSIS

Satter claims that he was looking for market protection, and that he would never have entered into the contract if he had known that the discounts were not certain. He argues that NFO breached its fiduciary duty as his agent by (1) failing to obtain complete price protection for him, and (2) failing to consult with him about the unspecified discount rates in the contract.

■ In order to recover based on his breach of fiduciary duty theory, Satter is required to show that (1) he was ignorant of the effect of the contract language, and (2) NFO should have reasonably known of his ignorance. *See Murphy v. Country House, Inc.*, 307 Minn. 344, 240 N.W.2d 507 (1976). The trial court found that NFO inadvertently withheld information from Satter, and that this may have been due to NFO's assumption that Satter was competent with futures contracts because of his expertise in other marketing areas. Thus, the trial court impliedly found that Satter was ignorant of the effect of the contract

language, and that NFO should have been aware of his ignorance. These findings are not supported by the evidence, and thus we hold that NFO did not breach its fiduciary duty to Satter.

The Minnesota Supreme Court has stated that a "fiduciary's duty must be defined with reference to the experience and intelligence of the person to whom the duty is owed." *Midland National Bank v. Perranoski*, 299 N.W.2d 404, 413 (Minn.1980).

■ Satter testified that he was familiar with the way in which discount rates operate. He was a college graduate, had been a farmer and NFO member for twenty years, and was a past chairman of the Minnesota Wheat Council, a marketing and research organization. Satter never testified that he did not understand the effect of the confirmation document's words "discounts set at day of unload." Thus, the trial court erred in finding that Satter was ignorant of the effect of the contract language.

Satter also offered no proof that NFO should have known of his ignorance. He offered no proof as to whether this contract was sufficiently out of the ordinary so as to require more specific notification by NFO of the incomplete price protection. Thus, the trial court also erred in concluding that NFO should have known of Satter's ignorance of the effect of the contract language. Satter has failed to present evidence to sustain his claims, cannot be allowed to avoid his contractual obligations, and is not entitled to damages.

■ Because we hold that NFO did not breach its fiduciary duty to Satter, we must also hold that Satter breached the contract when he refused to deliver the full 10,000 bushels of wheat. Therefore, NFO is entitled to its cover damages of $12,-002.26. Minn.Stat. §§ 336.2–711, 712 (1982).

## DECISION

NFO did not breach its fiduciary duty to Satter. Satter breached his contract, and

NFO is awarded its cover damages of $12,-002.26.

Reversed and remanded for entry of judgment for NFO in the sum of $12,-002.26.